RENDERED:  JANUARY 28, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0750-MR

TIFFANY DURBIN                                                                                          APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 17-CR-00073

COMMONWEALTH OF KENTUCKY                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Tiffany Durbin appeals from an order of the Grayson Circuit

Court amending its judgment to reflect that the victim suffered death, in

compliance with KRS[1] 439.3401(1).  For the reasons below, we affirm.

On May 9, 2017, Durbin was indicted for complicity to murder,

tampering with physical evidence, and abuse of a corpse relating to the death of her

---

[1] Kentucky Revised Statutes.

husband, Robert Hayes. Durbin pleaded guilty on July 22, 2019 to the amended charge of criminal solicitation to murder, tampering with physical evidence, and abuse of a corpse. Relevant to the appeal, the Commonwealth recommended a sentence of 14 years for the amended charge of solicitation to murder, with parole eligibility at 85%.

On August 20, 2019, Durbin was sentenced pursuant to the plea agreement and a written judgment followed. Significantly, the judgment did not mention that Hayes, the victim, suffered death as required by KRS 439.3401(1). Due to this omission, the Kentucky Department of Corrections assigned Durbin parole eligibility at 20% instead of the statutorily mandated 85% for violent offenders. Discovering the mistake, the Commonwealth moved for the trial court to amend its judgment to reflect that Robert Hayes had died in connection with the underlying offenses. Durbin objected, arguing that the trial court lacked jurisdiction to amend the judgment. The trial court granted the Commonwealth's motion, finding the omission to be a clerical error subject to correction under RCr[2] 10.10. The amended judgment found "that the Defendant, Tiffany Durbin, is guilty of Criminal Solicitation to Murder resulting in the death of Robert Hayes, the victim." This appeal followed. Further facts will be set forth as necessary below.

---

[2] Kentucky Rules of Criminal Procedure.

Durbin argues on appeal that the trial court erred in determining the error to be clerical rather than judicial. We disagree. "Generally speaking, a trial court lacks power to amend a judgment ten days after the entry of that judgment." *Winstead v. Commonwealth*, 327 S.W.3d 479, 485-86 (Ky. 2010). However, an exception exists for clerical errors. RCr 10.10 expressly permits a trial court to correct "[c]lerical mistakes in judgments . . . arising from oversight or omission . . . at any time on its own initiative or on the motion of any party . . . ." However, unlike clerical errors, judicial errors are not subject to correction. *Winstead*, 327 S.W.3d at 487.

> [T]he question of whether an error is "judicial" or "clerical" turns on whether the amended judgment embodies the trial court's oral judgment as expressed in the record. If it does, then the error is clerical in that the amended judgment either corrects language that is inconsistent with the oral judgment, or supplies language that was inadvertently omitted from the oral judgment. But if it does not, then the error must be judicial.

*Id.* at 486 (citation omitted). Put another way, an error is considered clerical, rather than judicial, if it was not "'the deliberate result of judicial reasoning and determination[.]'" *Cardwell v. Commonwealth*, 12 S.W.3d 672, 674 (Ky. 2000) (quoting *Buchanan v. West Kentucky Coal Co.*, 218 Ky. 259, 291 S.W. 32, 35 (1927)).

Here, the trial court's failure to indicate in its judgment that "the victim suffered death or serious physical injury" pursuant to KRS 439.3401(1) was

a clerical error. The final judgment is inconsistent with the evidence in the record, including the indictment, plea agreement, and the understanding of the parties, which clearly reflects the victim of the underlying crimes suffered death. Durbin was charged with complicity to murder and Count I of the indictment specifically mentions "the murder of Robert Hayes." The plea offer repeatedly reflects this charge, as well as the fact that Durbin would have to serve 85% of her sentence pursuant to KRS 506.170. At the time she pleaded guilty, the trial court read the Commonwealth's offer on the record, including the 85% parole eligibility for the solicitation to murder charge, and Durbin acknowledged that she understood the agreement. Durbin was certainly aware that the victim, who was her husband, suffered death related to the underlying charges.

Lastly, in its order amending the judgment, the trial court clarified that the omission in the judgment of the words "involving the death of the victim" was "an error made in reducing the oral judgment to writing" and that its intended sentence was that Durbin receive fourteen years on the criminal solicitation to murder charge with parole eligibility at 85%. We would also note that the error could not be a judicial error, as argued by Durbin, because it was not "the deliberate result of judicial reasoning and determination" as Durbin's parole eligibility was statutorily mandated at 85% by KRS 506.170 and KRS 439.3401. *Cardwell*, 12 S.W.3d at 674.

Durbin next argues that the trial court denied her finality in its judgment by amending the judgment more than 10 days after its entry. We again disagree. As noted above, "RCr 10.10 expressly permits a trial court to correct a clerical error 'at any time on its own initiative or on the motion of any party . . . .'" *Winstead*, 327 S.W.3d at 486. As we have determined the error in the judgment to be clerical, Durbin's argument lacks merit.

Finally, Durbin faults the trial court for misunderstanding that KRS 439.3401 requires a judgment to explicitly designate that a victim suffered death or serious physical injury. *See Lee v. Kentucky Dep't of Corr.*, 610 S.W.3d 254, 263 (Ky. 2020); *Benet v. Commonwealth*, 253 S.W.3d 528, 533 n.19 (Ky. 2008). In the amended judgment the trial court erroneously states that "KRS 439.3401 does not require the [c]ourt to include in its [j]udgment that the offense involved death or serious physical injury to a victim." Regardless of this misstatement of the law, the trial court's amended judgment complies with KRS 439.3401. Therefore, we find this argument moot.

For the foregoing reasons, the Grayson Circuit Court's order amending its Judgment and Sentence on Plea of Guilty is affirmed.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Kara Stinson Lewis
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky